UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO VEGA, JR.,<br><br>Petitioner,<br><br>v.<br><br>CALIFORNIA BOARD OF PAROLE HARINGS,<br><br>Respondent. | No. 1:21-cv-01029-DAD-EPG (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING PETITION FOR WRIT OF HABEAS CORPUS<br><br>(Doc. No. 7) |

Petitioner Francisco Vega, Jr. is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On July 1, 2021, the assigned magistrate judge issued findings and recommendations, recommending that the petition for writ of habeas corpus be dismissed for lack of jurisdiction. (Doc. No. 7.)  The findings and recommendations were served on petitioner and contained notice that any objections were to be filed within thirty (30) days of the date of service of the findings and recommendations.  (*Id.* at 4.)  After the court granted him an extension of time to do so, petitioner filed timely objections.  (Doc. Nos. 10, 11.)

In his objections, petitioner reiterates his arguments that he is entitled to a youth offender parole suitability hearing to establish his parole eligibility with respect to the sentence of life without the possibility of parole which he is currently serving.  (Doc. No. 11.)  Petitioner contends that his claims are cognizable on federal habeas because "federal habeas proceedings

1

incorporate decisions where petitioners are granted relief, and such relief does not automatically qualify for early or immediate relief[.]" (*Id.* at 7.) Petitioner cites several cases in support of his argument in this regard, however, the cited cases are inapposite because each involved the granting of federal habeas relief resulted in an immediate change to the sentences imposed in the cases of those juvenile offenders. *See Roper v. Simmons*, 543 U.S. 551, 578–79 (2005) (setting aside the death penalty imposed on juvenile offender); *Graham v. Florida*, 560 U.S. 48, 82 (2010) (holding that "[t]he Constitution prohibits the imposition of a life without parole sentence on a juvenile offender who did not commit homicide."); *Miller v. Alabama*, 567 U.S. 460, 489 (2012) (holding that a judge or jury must have the opportunity to consider mitigating circumstances before imposing a life without parole sentence for juveniles).

Most importantly, petitioner in this federal habeas action does not challenge the constitutionality of his life without the possibility of parole sentence for aiding and abetting first-degree murder when he was twenty years old. (Doc. Nos. 1 at 7; 11 at 4–5, 7.) Rather, petitioner challenges being denied a youth parole suitability hearing under California law. (*Id.*) "Petitioner's contention that the Board denied him an 'SB 261' hearing alleges only a violation of state law, for which federal habeas relief is unavailable." *Wheeler v. Gastelo*, No. CV 19-1094-CJC(E), 2019 WL 3069172, at *5 (C.D. Cal. 2019), *report and recommendation adopted by* 2019 WL 3067588 (C.D. Cal. July 8, 2019); *see also Allen v. Kernan*, No. CV 16-4803 AB (RAC) 2016 WL 6652718, at *4 (C.D. Cal. Oct. 5, 2016), *report and recommendation adopted by* 2016 WL 6652705 (C.D. Cal. Nov. 9, 2016) (rejecting a federal habeas claim that SB 261 violated petitioner's rights under the equal protection clause); *Glass v. Kernan*, No. 2:18-cv-00641-PA-MAA, 2019 WL 2062541, at *2 (C.D. Cal. April 8, 2019) (dismissing a civil rights action asserting an equal protection claim based upon California's SB 261). This is because federal habeas relief is available only for violations of federal law, not for errors under state law. *See* 28 U.S.C. § 2254(a); *Middleton v. Cupp*, 768 F.2d 1083, 1085 (1985). Decisions regarding parole are questions of state law. *See Valdivia v. Schwarzenegger*, 599 F.3d 984, 991 (9th Cir. 2010). Alleged misapplication of state laws in this area cannot be transformed into a federal claim merely by invoking the United States Constitution. *See Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1997) (petitioner may not

transform state law issue into federal one by asserting violation of due process). Petitioner's argument that the magistrate judge erred in finding his claims not to be cognizable because "success on [Petitioner]'s claims would not necessarily lead to his immediate or earlier release from confinement" is unpersuasive. *Nettles v. Grounds*, 830 F.3d 922, 934 (9th Cir. 2016) (en banc) (quoting *Skinner v. Switzer*, 562 U.S. 521, 535 n.13 (2011)).

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including petitioner's objections, the court concludes that the pending findings and recommendation are supported by the record and proper analysis.

Having found that petitioner is not entitled to habeas relief, the court now turns to whether a certificate of appealability should issue. A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); *see also* 28 U.S.C. § 2253. The court should issue a certificate of appealability if "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). In the present case, the court finds that reasonable jurists would not find the court's determination that the petition should be dismissed debatable or wrong, or that petitioner should be allowed to proceed further. Therefore, the court declines to issue a certificate of appealability.

Accordingly,

1. The findings and recommendations issued on July 1, 2021 (Doc. No. 7) are adopted in full;

2. The petition for writ of habeas corpus is dismissed;

/////

/////

/////

3

3. The Clerk of the Court is directed to close the case; and

4. The court declines to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   **October 25, 2021**                                                                 
                                       UNITED STATES DISTRICT JUDGE